**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| VICTOR LAMOND JORDAN, SR., | : | |
|     Plaintiff, | : | |
| | : | No. 3:24-cv-1166 (VAB) |
| v. | : | |
| | : | |
| WRIGHT, *et al.*, | : | |
|     Defendants. | : | |
| | : | |

**RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's motion for summary judgment and supporting memorandum (together, "motion"). *See* ECF No. 34 (motion); ECF No. 34-3 (memorandum).

For the reasons stated below, the motion for summary judgment is **GRANTED**.

## I.    BACKGROUND

Mr. Jordan, a sentenced inmate housed at Cheshire Correctional Institution, filed a Complaint under 42 U.S.C. § 1983 alleging that ten prison officials violated his federally protected rights while he was housed at Garner Correctional Institution ("Garner"). *See* Compl., ECF No. 1. The Court conducted an initial review of that Complaint under 28 U.S.C. § 1915A(a). *See* IRO, ECF No. 10. The Court permitted Mr. Jordan to proceed on a Fourteenth Amendment procedural due process claim against Lieutenant John Doe related to Mr. Jordan's placement in the Restrictive Housing Unit ("RHU"). *Id.* at 23. The Court dismissed all other claims and terminated all other defendants. *See id.* The Court later substituted Lieutenant Shaun Casey for Lieutenant John Doe. *See* Order, December 10, 2024, ECF No. 23.

Lieutenant Casey now moves for summary judgment, arguing (1) that Mr. Jordan's procedural due process claim fails on the merits and (2) that Mr. Jordan failed to exhaust administrative remedies. MSJ Memo., ECF No. 34-3 at 1.

## II.    FACTUAL AND PROCEDURAL HISTORY

Local Rule 56(a)1 provides that a party moving for summary judgment must file "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)1. "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact." *Id.*

Local Rule 56(a)2 provides that a party opposing summary judgment must "file and serve with the opposition papers a document entitled 'Local Rule 56(a)2 Statement of Facts in Opposition to Summary Judgment[.]'" D. Conn. L. Civ. R. 56(a)2(i). The Local Rule 56(a)2 statement must "include a reproduction of each numbered paragraph in the moving party's Local Rule 56(a)1 Statement followed by a response to each paragraph admitting or denying the fact and/or objecting to the fact as permitted by Federal Rule of Civil Procedure 56(c)." *Id.*

Local Rule 56(a)2 also provides that a "Local Rule 56(a)2 Statement must also include a separate section entitled 'Additional Material Facts' setting forth in separately numbered paragraphs … any additional facts ... that the party opposing summary judgment contends establish genuine issues of material fact precluding judgment in favor of the moving party." D. Conn. L. Civ. R. 56(a)2(ii).

Local Rule 56(a)3 provides that "each denial in an opponent's Local Rule 56(a)2 Statement [ ] must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)3. Local Rule 56(a)3 explains that "[f]ailure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence … or in the Court imposing sanctions, including … an order granting the motion if the motion and supporting materials show that the movant is entitled to judgment as a matter of law." *Id.*

Lieutenant Casey filed a Local Rule 56(a)1 supported by admissible evidence. *See* Rule 56(a)1 Stmt., ECF No. 34-2. Mr. Jordan filed a Local Rule 56(a)2 statement, *see* Rule 56(a)2 Stmt., ECF No. 36 at 3, supported by his declaration, Jordan Decl., *id.* at 23, which is considered admissible evidence on summary judgment. *See Lindsay v. Chapdeliane*, No. 3:19-CV-826 (JCH), 2021 WL 752841, at *3 (D. Conn. Feb. 19, 2021) (considering plaintiff's sworn declaration filed in opposition to motion for summary judgment to the extent statements made in it were based on plaintiff's personal knowledge). Lieutenant Casey's Rule 56(a)1 statement provides, in relevant part, that Mr. Jordan "was transferred to [Garner], on or about June 27, 2022." Rule 56(a)1 Stmt., ECF No. 34-2 ¶ 1. On June 27, 2022, "the plaintiff was placed in the [RHU] at Garner, for a single day, until June 28, 2022, when he was moved to a general population unit." *Id.* ¶ 2 (citing Osteyee Decl., ECF No. 34-4 ¶ 6).

Mr. Jordan does not dispute that he arrived at Garner on June 27, 2022. *See* Rule 56(a)2 Stmt., ECF No. 36 at 4 ¶ 1. Mr. Jordan "[d]isputes as to form" Lieutenant Casey's assertion that Mr. Jordan "was placed in the [RHU] at Garner, for a single day[.]" Rule 56(a)1 Stmt., ECF No.

3

34-2 ¶ 2; *see also* Rule 56(a)2 Stmt., ECF No. 36 at 4 ¶ 2.

But Mr. Jordan does not "object[ ] to the fact [that he was placed in the RHU at Garner for a single day] as permitted by Federal Rule of Civil Procedure 56(c)." D. Conn. L. Civ. R. 56(a)2(i); *see also* Rule 56(a)2 Stmt., ECF No. 36 at 4 ¶ 2. Nor is Mr. Jordan's objection "followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial," D. Conn. L. Civ. R. 56(a)3, establishing that Mr. Jordan had been placed in the RHU for more than one day. *See* Rule 56(a)2 Stmt., ECF No. 36 at 4 ¶ 2.

Lieutenant Casey's allegation that Mr. Jordan was held in the RHU for a single day thus is deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3; *Walton v. Connecticut*, No.3:03CV2262, 2006 WL 533793, at *2 n.3 (D. Conn. March 2, 2006) (deeming admitted facts set forth by the defendant where the plaintiff merely claimed insufficient knowledge to respond and offered no evidence to dispute the facts).

## III.    STANDARD OF REVIEW

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113–14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies

4

whether summary judgment is granted on the merits or on an affirmative defense[.]" *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the Court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-moving party cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

The Court resolves all ambiguities and draws all permissible factual inferences in favor of the non-moving party. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012). However, although the Court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## IV.    DISCUSSION

Procedural due process requires that government action "be implemented in a fair

manner." *United States v. Salerno*, 481 U.S. 739, 746 (1987). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The standard analysis for a claim of a violation of procedural due process "proceeds in two steps: [the Court] first ask[s] whether there exists a liberty or property interest of which a person has been deprived, afnd if so [the Court] ask[s] whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

"For a deprivation of liberty to amount to 'atypical and significant hardship,' conditions must 'work a major disruption' in their environment." *Baltas v. Chapdelaine*, 153 F.4th 328, 338 (2d Cir. 2025) (quoting *Sandin*, 515 U.S. at 486). Relevant to whether conditions "work a major disruption" in a prisoner's environment, *id.* (internal quotation marks and citation omitted), are "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation imposed compared to discretionary confinement." *Id.* (internal quotation marks omitted) (quoting *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004)). "Especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." *Id.* (internal quotation marks and brackets omitted) (quoting *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999)).

On the other hand, "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more

6

onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (citing *Colon v. Howard,* 215 F.3d 227, 231–32 & n.5 (2d Cir. 2000)). "SHU confinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Id.* (cleaned up) (quoting *Palmer,* 364 F.3d at 65).

Here, the undisputed facts show that Mr. Jordan was housed in the RHU for one day. *See* Osteyee Decl., ECF No. 34-4 ¶ 6; *see also* Resp. to MSJ, ECF No. 36 at 10 (indicating that Mr. Jordan was in the RHU for "approximately one day"). This brief confinement, by itself, does not constitute an "atypical and significant hardship." *See Sealey*, 197 F.3d at 589 (concluding that 101-day confinement in restrictive housing, while "doubtless unpleasant," did not constitute atypical and significant hardship); *see also Proctor v. LeClaire*, 846 F.3d 597, 610 n.6 (2d Cir. 2017) (stating a 51-day term in segregated housing "likely would not require any constitutional process today."); *Lewis v. Sieminski*, No. 3:08-CV-728 (JCH), 2010 WL 3827991, at \*6 (D. Conn. Sept. 22, 2010) (noting that "the decisions in the Second Circuit are unanimous that keeplock or [segregated housing unit] confinement of 20 days or less in New York prisons is not 'atypical or significant hardship' under *Sandin*." (bracketed material original)).

Because Mr. Jordan's one-day confinement in the RHU is not sufficient, by itself, to constitute an "atypical and significant hardship," he must show that the conditions there were "more onerous than usual." *Davis*, 576 F.3d at 133. The record contains no evidence of this. Lieutenant Casey's Rule 56(a)1 does not describe the conditions in the RHU. *See* Rule 56(a)1 Stmt., ECF No. 34-2. Mr. Jordan's Rule 56(a)2 statement does not "include a separate section

7

entitled 'Additional Material Facts' setting forth … any additional facts ... that [Mr. Jordan] contends establish genuine issues of material fact precluding judgment," D. Conn. L. Civ. R. 56(a)2(ii), as to the conditions in the RHU. *See* Rule 56(a)2 Stmt., ECF No. 36 at 3. Nor does Mr. Jordan's declaration, submitted with his Rule 56(a)2 statement, describe the conditions in the RHU. *See* Jordan Decl., ECF No. 36 at 23.

The Court may consider the allegations in a verified complaint in opposition to a motion for summary judgment. *See Elliott v. Cartagena*, 84 F.4th 481, 486 (2d Cir. 2023) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist…." (internal quotation marks and citation omitted)). But, like his declaration, Mr. Jordan's complaint does not describe the conditions in the RHU, either. *See* Compl., ECF No. 1.

Mr. Jordan states in his memorandum supporting his response to the Motion that "the cell he was forced into was not healthy and[/]or up to a key standard that would reflect the same as the housing in general population." Resp. to MSJ, ECF No. 36 at 17. Mr. Jordan also states that he was "denied, and not afforded, proper medical attention, assessment and care" that he should have received. *Id.* But "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (summary order).

Thus, "new allegations, asserted for the first time in response to a motion for summary judgment and not added to the complaint by amendment are improper and need not be considered." *Vazquez v. Curcione*, No. 11CV443, 2013 WL 5408858, at *6 (W.D.N.Y. Sept. 25, 2013). At any rate, the new allegations in Mr. Jordan's response are conclusory. And

8

"conclusory allegations … alone are insufficient to raise a triable issue of fact." *Perrelli v. Taylor*, 113 F. App'x 421, 422 (2d Cir. 2004) (summary order) *cf. See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)( "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Thus, Mr. Jordan's new allegations contained in his response to the Motion are not sufficient to create a material issue of fact as to the conditions in the RHU.

Absent any record evidence that conditions in the RHU were "more onerous than usual," *Davis*, 576 F.3d at 133, there is no genuine issue for trial. *Wright* 554 F.3d at 266.

Accordingly, summary judgment must enter in favor of Lieutenant Casey. *See Palmer*, 364 F.3d at 65 (noting that "[d]isputes about conditions may not be resolved on summary judgment, but where the conditions are undisputed, the *Sandin* issue should be resolved by the court as a matter of law[.]" (citations omitted)); *see also Harnage v. Brighthaupt*, 168 F. Supp. 3d 400, 412 (D. Conn. 2016), *aff'd*, 720 F. App'x 79 (2d Cir. 2018) (granting motion for summary judgment on procedural due process claim in which plaintiff "served 20 days in punitive segregation" and "allege[d] no facts suggesting that the sanctions he received were qualitatively different from ordinary prison life."); *Charles v. Maleh*, No. 3:02 CV 1341 AWT, 2006 WL 581206, at *12 (D. Conn. Mar. 8, 2006) (granting motion for summary judgment on procedural due process claim in which plaintiff "served twenty-five days in segregation" and

"allege[d] no facts suggesting that the sanctions he received were qualitatively different from ordinary prison life."); *Anderson v. Quiros*, No. 3:18-CV-1107 (MPS), 2018 WL 3677901, at *4 (D. Conn. Aug. 2, 2018) (dismissing procedural due process claim in which "plaintiff allege[d] that he was placed in RHU for twenty-three days" but "ha[d] not alleged that he was subject to any harsh conditions while in the RHU and, in fact, ha[d] made no allegations about the conditions in the RHU.").[1]

## V.   CONCLUSION

For the reasons set for the above, the motion for summary judgment, ECF No. 34, is **GRANTED**.

In light of this order, Mr. Jordan's motion to adopt and review Plaintiff's notice and request of spoilation, (ECF No. 35), is **DENIED** as moot.

The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated this 8th day of May 2026 at New Haven, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court agrees with Lieutenant Casey that Mr. Jordan's claim fails on the merits, the Court grants the Motion without reaching Lieutenant Casey's exhaustion argument. *See Bryant v. Greater New Haven Transit Dist.*, 8 F. Supp. 3d 115, 138 (D. Conn. 2014) (granting summary judgment without considering defendants' exhaustion argument because plaintiff's claim failed on the merits).